UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PHILIP EMIABIATA and<br>SYLVIA EMIABATA, d/b/a<br>NOVA EXPRESS,<br><br>          Plaintiffs,<br><br>v.<br><br>HALLMARK COUNTY MUTUAL<br>INSURANCE and PMA INSURANCE<br>GROUP,<br><br>          Defendants. | Case No. 16-cv-394-pp |

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION, AND DENYING AS MOOT THE PLAINTIFFS' MOTIONS TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NOS. 2 AND 5)**

The plaintiffs filed their complaint in federal court, alleging that the defendant insurance companies engaged in bad faith in denying their claims and misinterpreted their insurance policies. Dkt. No. 1. The court could find no federal basis for the plaintiff's claims; they appeared to sound in contract and tort law. Dkt. No. 8 at 5. That meant that the only other basis for the court to exercise jurisdiction over the plaintiff claims was if the complaint met the diversity requirements of 28 U.S.C. §1332. The court, on its own, scheduled an evidentiary hearing to take testimony from the plaintiffs, because it was concerned that it did not have diversity jurisdiction over the claims in the complaint. Dkt. No. 8 at 7-9. Based on the testimony and arguments the

1

plaintiffs provided at that hearing, the court will dismissed the case for lack of diversity jurisdiction.

Plaintiff Philip Emiabata testified at the evidentiary hearing. Dkt. No. 11. He testified that the couple's permanent residence was in Texas, and that he ran a trucking business out of their home. He told the court that the trucks were licensed in Texas, and that his commercial driver's license was issued by the state of Texas. He testified that the couple filed their taxes in Texas, but noted that the trucking business also owed taxes in other states in which it did business. The trucking business, the plaintiff testified, is a sole proprietorship and that he is the sole owner. Id.

The plaintiffs represented in the complaint that they were dual citizens of Texas and Wisconsin. Dkt. No. 1 at 1. The plaintiff told the court that the trucking business brought him through Illinois to Wisconsin with some frequency. During summer, which the plaintiff testified was the company's peak season, the plaintiff might be in Wisconsin a few times a week, maybe for a few days at a time. He indicates that he sometimes would sleep in his truck while in Wisconsin, or sometimes in a hotel. Dkt. No. 11. The court did not place Sylvia Emiabata under oath, but she told the court that the company did a significant amount of business in Wisconsin. Id.

Because the complaint was silent as to the citizenship of the two defendants, the court looked into that question itself. The court found a case in the Southern District of Texas in which defendant Hallmark was a party; pleadings in that case indicated that Hallmark was incorporated in Texas and

had its principal place of business there. <u>Davis v. Union Pac. R.R. Co.</u>, Case No. 12-cv-212, Dkt. No. 33, Hallmark County Mut. Ins. Co.'s Complaint in Intervention (S.D. Tex. June 19, 2015). The court found a case from the Eastern District of Pennsylvania which indicated that defendant PMA was incorporated in Pennsylvania and had its principal place of business there. <u>PMA Ins. Group v. Feuer</u>, Case No. 13-cv-371, Dkt. No. 1, Complaint (E.D. Pa. Jan. 23, 2013).

For a federal district court to exercise jurisdiction on the basis of diversity citizenship, complete diversity between the parties must exist at the time the complaint is filed. 28 U.S.C. §1332(a)(1). If the plaintiffs share citizenship with either of the defendants, the parties are not diverse for purposes of subject matter jurisdiction.

An individual has citizenship in only one state: the state where the citizen is domiciled. "An individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." <u>Wachovia Bank, N.A. v. Schmidt</u>, 546 U.S. 303, 318 (2006). Domicile has two elements: (1) physical presence or residence, and (2) an intent to remain in the state. <u>Midwest Transit, Inc. v. Hicks</u>, 70 F. App'x 205, 208 (7th Cir. 2003). This is a simple analysis in a case in which a party resides in and intends to remain in the same state, but it can be more complicated if a party has multiple residences in different states.

> In more complex cases, courts have tried to glean intent from the following factors: current residence, voting registration and voting practices, location of personal and real property, location of financial accounts, membership in unions and

3

>other associations, place of employment, driver's license and automobile registration, and tax payments.

Id. The party seeking to establish jurisdiction bears the burden of proof. Id. A corporate entity is a citizen of the state where it is incorporated and the state in which its principal place of business is located. 28 U.S.C. §1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010).

The plaintiffs do not, as they asserted in their complaint, have dual citizenship. They are citizens of Texas—the same state in which defendant Hallmark is a citizen. Their residence is in Texas. Mr. Emiabata's business, while it requires him to travel to other states, has its headquarters in Texas. His trucks are licensed in Texas, and his CDL is issued by the state of Texas. The couple pays income taxes in Texas (although the *business* has to pay taxes in other states where Mr. Emiabata travels). The plaintiffs, who have the burden of showing diversity, have provided the court with no evidence that they own property in Wisconsin, have a residence in Wisconsin (Mr. Emiabata sleeping in his truck here notwithstanding), vote here, have bank accounts here, have jobs here (although Mr. Emiabata travels here with some frequency), hold Wisconsin licenses, or pay Wisconsin income taxes. Nor have they provided the court with any evidence that they intend to remain in the state of Wisconsin permanently.

The plaintiffs are citizens, and residents, of the state of Texas. Because defendant Hallmark also is a citizen of the state of Texas, diversity does not exist. Because the parties are not diverse, the court has no jurisdiction, and must dismiss the case.

The court **ORDERS** that this case is **DISMISSED** for lack of subject-matter (both federal question and diversity) jurisdiction. The court **ORDERS** that the plaintiffs' motions to proceed without prepaying the filing fee are **DENIED AS MOOT**. Dkt. Nos. 2, 5.

Dated in Milwaukee, Wisconsin this 8th day of May, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge